# EXHIBIT A

# IN THE COURT OF COMMON PLEAS, TRUMBULL COUNTY, WARREN, OHIO

## S U M M O N S
*Rule 4 1995 Ohio Rules of Civil Procedure*

### 2022 CV 00485

**KRISTIN DRAPOLA**
6864 MERWIN CHASE ROAD
BROOKFIELD OH  44403
*Plaintiff(s)*

VS.

**CSL PLASMA INC.**
2093 ELM ROAD NE
WARREN OH  44483
*Defendant(s)*

IF APPLICABLE, SEE COMPLAINT FOR ADDITIONAL DEFENDANTS

**TO THE ABOVE NAMED DEFENDANT(S):**

YOU ARE HEREBY SUMMONED THAT A COMPLAINT (A COPY OF WHICH IS HERETO ATTACHED AND MADE A PART HEREOF) HAS BEEN FILED AGAINST YOU IN THIS COURT BY THE PLAINTIFF(S) NAMED HEREIN:

YOU ARE REQUIRED TO SERVE UPON THE PLAINTIFF(S) ATTORNEY, OR UPON THE PLAINTIFF(S) IF THEY HAVE NO ATTORNEY OF RECORD, A COPY OF YOUR ANSWER TO THE COMPLAINT *WITHIN TWENTY-EIGHT (28) DAYS AFTER SERVICE OF THIS SUMMONS UPON YOU,* EXCLUSIVE OF THE DAY OF SERVICE. SAID ANSWER MUST BE FILED WITH THIS COURT WITHIN THREE DAYS AFTER SERVICE ON PLAINTIFF'S ATTORNEY.

THE NAME AND ADDRESS OF THE PLAINTIFF(S) ATTORNEY IS AS FOLLOWS:

**ROCCO J SCRENCI**
**25825 SCIENCE PARK DR., STE. 200**
**BEACHWOOD, OH 44122**

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

**KAREN INFANTE ALLEN**
**CLERK OF COURTS**

BY:    CYNTHIA BEALE
*Deputy Clerk*

Date:    April 26, 2022

KAREN INFANTE ALLEN
TRUMBULL CO CLERK OF COURTS
2022 CV 00485 RJR
FILED: 04/19/2022 09:54 AM

## IN THE COURT OF COMMON PLEAS
## FOR TRUMBULL COUNTY, OHIO

KRISTIN DRAPOLA )
6864 Merwin Chase Road )
Brookfield, Ohio 44403 )
)
                Plaintiff, )
)
      v. )
)
CSL PLASMA INC. )
2093 Elm Road NE )
Warren, Ohio 44483 )
)
        Serve also: )
        CSL PLASMA INC. )
        c/o CT Corp. System )
        (Statutory Agent) )
        4400 Easton Commons Way, )
        Suite 125 )
        Columbus, Ohio 43219 )
)
-and- )
)
KIM (LAST NAME UNKNOWN) )
c/o CSL Plasma Inc. )
2093 Elm Road NE )
Warren, Ohio 44483 )
)
              Defendants. )
)

CASE NO.  2022 CV 00485

JUDGE:  Ronald J. Rice

**FIRST AMENDED
COMPLAINT FOR
DAMAGES AND
INJUNCTIVE RELIEF**

**JURY DEMAND ENDORSED
HEREIN**

      Plaintiff Kristin Drapola by and through undersigned counsel, as her First Amended

Complaint against the Defendants, states and avers the following:

## PARTIES

1.    Drapola is a resident of the city of Brookfield, county of Trumbull, State of Ohio.

2.    Defendant CSL Plasma Inc., ("CSL") is a foreign-incorporated, for-profit company that

     conducts business throughout the state of Ohio.

3. The relevant location of the events and omissions of this Complaint took place was 2093 Elm Road NE, Warren, Ohio 44483.

4. CSL is, and was at all times hereinafter mentioned, Drapola's employer within the meaning of R.C. 4112 *et seq.*

5. Upon information and belief, Defendant Kim Last Name Unknown ("LNU") is a resident of Ohio.

6. Drapola could not discover Kim LNU's full name before filing this Complaint.

7. Defendant Kim LNU is, and was at all times hereinafter mentioned, an owner, manager, supervisors, and/or agent of CSL, and as such, an employment within the meaning of R.C. 4112 *et seq.*

## JURISDICTION & VENUE

8. The material events alleged in this Complaint occurred in or around Trumbull County, Ohio.

9. Personal jurisdiction is proper over Defendants pursuant to R.C. 2307.382(A)(1), (2), and (3).

10. Venue is proper pursuant to Civ. R. 3(C)(3) and (6).

11. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

12. Within two years of the adverse employment actions descried herein, Drapola filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC"), Charge Number AKR B3 (41496) 10292021 ("OCRC Charge").

13. The OCRC issued and mailed a Notice of Right to Sue letter to Drapola regarding the OCRC Charge.

14. Drapola received the Right to Sue letter from the OCRC in accordance with R.C. 4112.051, which has been attached hereto as Plaintiff's Exhibit 1.

15. Drapola has filed this Complaint within the time period as described in R.C. 4112.051 and R.C. 4112.14.

16. Drapola has properly exhausted all administrative remedies pursuant to R.C. 4112.051.

## FACTS

17. Drapola is a former employee of CSL.

18. At all times noted herein, Drapola was qualified for her position with CSL.

19. At all times noted herein, Drapola could fully perform the essential functions of her job, with or without a reasonable accommodation.

20. Drapola began working for CSL as a Nurse on or about November 25, 2019.

21. Before beginning her employment at CSL, Drapola had 30 years of nursing experience.

22. Drapola was born in 1965 and was therefore over 40 years old during her employment for CSL.

23. During her employment for CSL, Drapola was in a protected class based on her age.

24. Drapola suffers from kidney disease and has chronic knee issues that required knee replacement surgery. ("Medical Conditions")

25. As a result of Drapola's Medical Conditions, Drapola requires access to restroom facilities frequently throughout the day.

26. During her interview at CSL, Drapola disclosed her Medical Conditions.

27. During her interview at CSL, Drapola told CSL Facility Director Kim LNU about her disabilities, her need for restroom access, and that she walked slower because of her knee.

28. Based on Drapola's Medical Conditions, she is and was considered disabled at all relevant times herein.

3

29.  Alternatively, CSL perceived Drapola as being disabled based on Drapola's Medical Conditions.

30.  Alternatively, CSL perceived Drapola's Medical Conditions as constituting physical impairments.

31.  By disclosing during her interview that she required restroom access and walked slowly, Drapola was making an accommodation request. ("Accommodation Request")

32.  During Drapola's interview, Kim LNU assured Drapola that there would be no problems with her Accommodation Request.

33.  After Drapola was hired and began working following her interview, Drapola was treated less favorably because of her age and physical handicap status.

34.  Younger, non-disabled employees at CSL made fun of Drapola for her limp and walking speed. ("Harassment by Younger, Non-Disabled CSL Employees")

35.  The Harassment by Younger, Non-Disabled CSL Employees included Drapola's being called an "old dog."

36.  The Harassment by Younger, Non-Disabled CSL Employees was because of Drapola's age.

37.  Alternatively, the Harassment by Younger, Non-Disabled CSL Employees was because of Drapola's Medical Conditions.

38.  The Harassment by Younger, Non-Disabled CSL Employees was unwanted by Drapola.

39.  Drapola opposed the Harassment by Younger, Non-Disabled CSL Employees.

40.  Drapola was embarrassed by the Harassment by Younger, Non-Disabled CSL Employees.

41.  Drapola was offended by the Harassment by Younger, Non-Disabled CSL Employees.

4

42. A reasonable person would consider the Harassment by Younger, Non-Disabled CSL Employees to be severe and/or pervasive.

43. The Harassment by Younger, Non-Disabled CSL Employees created a hostile work environment.

44. Drapola complained to Kim LNU about the Harassment by Younger, Non-Disabled CSL Employees. ("Harassment Complaint")

45. In making the Harassment Complaint, Drapola was opposing unlawful employment practices under R.C. 4112.

46. In response to the Harassment Complaint, Kim LNU stated management was aware of the Harassment by Younger, Non-Disabled CSL Employees.

47. Based on CSL's policies the Harassment Complaint was a significant workplace event.

48. CSL has a policy of investigating significant workplace events.

49. An investigation should include interviewing the complainant.

50. An investigation should include interviewing the subject of the complaint.

51. An investigation should include interviewing the subject of the reported discrimination.

52. An investigation should include interviewing witnesses to the reported discrimination.

53. An investigation should include getting a written statement from the complainant.

54. An investigation should include getting a written statement from the subject of the complaint.

55. An investigation should include getting a written statement from the subject of the reported discrimination.

56. In response to the Harassment Complaint, Defendants did not interview Drapola.

57. In response to the Harassment Complaint, Defendants did not interview the employees responsible for harassing Drapola.

58. In response to the Harassment Complaint, Defendants did not interview any witnesses.

59. In response to the Harassment Complaint, Defendants did not get a written statement from Drapola

60. In response to the Harassment Complaint, Defendants did not get a written statement from the employees responsible for harassing Drapola.

61. In response to the Harassment Complaint, Defendants did not get a written statement from any witnesses.

62. In response to the Harassment Complaint, Defendants conducted no investigation whatsoever.

63. By failing to investigate the Harassment Complaint, Defendants ratified its employees conduct.

64. By failing to investigate the Harassment Complaint, Defendants allowed its employees conduct to continue.

65. Failing to investigate a report of harassment is an adverse action.

66. Failing to investigate a report of harassment is an adverse employment action.

67. Defendants willfully failed to investigate the Harassment by Younger, Non-Disabled CSL Employees.

68. Defendants intentionally failed to investigate Harassment by Younger, Non-Disabled CSL Employees.

69. During her employment, Drapola was often sent home if there wasn't enough to do at the office or if there was a slow day.

70. During Drapola's employment, CSL Manager Dan Last Name Unknown often assigned Drapola to sit in a corner and wait with a machine for six hours at a time.

71. Younger, non-disabled CSL employees were not sent home if the office was slow, nor were they required to stay with machines for long periods of time.

72. In or around December 2019, Drapola was disciplined for cleaning the facility. ("December 2019 Discipline")

73. Younger, non-disabled CSL were not disciplined for cleaning the facility.

74. Based on the December 2019 Discipline, Drapola was treated less favorably than similarly situated non-disabled, younger CSL employees.

75. Kim LNU issued the December 2019 Discipline after Drapola's actions were reported by younger, non-disabled employees.

76. Based on the December 2019 Discipline, Kim LNU treated complaints from non-disabled, younger employees more seriously than complaints of unlawful discrimination made by Drapola.

77. In or around January or February 2020, Drapola started experiencing symptoms of COVID-19 including, but not limited to, blurry vision, shortness of breath, bilateral pneumonia, and loss of taste and smell. ("COVID Symptoms")

78. Because COVID-19 was not well known at the time of Drapola's COVID Symptoms , she was diagnosed with kidney stones and she attributed her symptoms to this.

79. Following the appearance of her COVID Symptoms, Drapola called off work to receive treatment for her kidney stones and rest. ("Call Off for Medical Treatment")

80. In or around February 2020, Drapola was written up for missing work due to her Call Off for Medical Treatment.

81. Upon returning to work following her Call Off for Medical Treatment, she received discipline for working too slowly and was threatened with another writeup.

82. The Harassment by Younger, Non-Disabled CSL Employees continued upon Drapola's return from her Call Off for Medical Treatment.

83. On or about March 4, 2020, Drapola was called into Kim LNU's office for a meeting about Drapola's performance. ("March 4, 2020 Meeting")

84. During the March 4, 2020 Meeting, Kim LNU yelled at Drapola for Drapola's failure to properly use a "handheld PDA," which was device used at CSL.

85. Drapola was never trained to use the handheld PDA.

86. During the March 4, 2020 Meeting, Drapola stated that she was never trained to use the handheld PDA.

87. During the March 4, 2020 Meeting, rather than train Drapola on how to use the handheld PDA, Kim LNU terminated Drapola's employment.

88. The purported reason for terminating Drapola's employment was pretextual.

89. CSL actually terminated Drapola's employment discriminatorily because of her Medical Conditions, her age, and in retaliation for her protected complaints of discrimination.

90. As a result of the conduct alleged above, Drapola has suffered and will continue to suffer damages.

## COUNT I: AGE DISCRIMINATION
### (Defendant CSL Only)

91. Drapola restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

92. At all relevant times during her employment for CSL, Drapola was in a protected class based on her age.

93. R.C. 4112 *et seq.*, provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's age.

8

94. CSL treated Drapola less favorably than other similarly situated employees based upon her age.

95. CSL took adverse employment actions against Drapola based on her age.

96. CSL permitted a hostile work environment based on age to exist during Drapola's employment

97. Based on the violations of R.C. 4112, Drapola is entitled to the relief demanded below.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. 4112.02
### (Defendant CSL Only)

98. Drapola restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

99. Drapola disclosed that her Medical Conditions to CSL during her initial interview, including her need for restroom access, and that she walked slower because of her knee.

100. CSL had notice of Drapola's Medical Conditions.

101. R.C. 4112.02 provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's disabilities and/or perceived disabilities.

102. CSL violated R.C. 4112.02 by treating Drapola less favorably than other similarly situated employees based upon her disabilities, perceived disabilities, and/or perceived disabling conditions.

103. CSL further violated R.C. 4112.02 by taking adverse employment actions against Drapola despite knowing that a reasonable accommodation could resolve any potential adverse employment action and failing to provide such an accommodation or engage in an interactive process to do so.

104. Based on the violations of R.C. 4112, Drapola is entitled to the relief demanded below.

## COUNT III: RETALIATION UNDER R.C. 4112.02(I)

105. Drapola restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. As a result of Defendants discriminatory conduct described herein, Drapola complained of the discrimination and failure to accommodate she was experiencing.

107. Subsequent to Drapola's complaints, Defendants took adverse employment actions against Drapola, including but not limited to, terminating her employment.

108. Pursuant to R.C. 4112(I), it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person had opposed any unlawful discriminatory practice.

109. CSL violated R.C. 4112 *et seq.*, by taking adverse actions against Drapola employment in retaliation for her protected complaints.

110. Based on the violations of R.C. 4112, Drapola is entitled to the relief demanded below.

## COUNT IV: AIDING AND ABETTING DISCRIMINATION UNDER R.C. 4112.02(J)
## (Against Defendant Kim LNU Only)

111. Drapola restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. Pursuant to R.C. 4112.02(J), it is an unlawful for any person to "aid, abet, incite, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice. . ."

113. Kim LNU violated R.C. 4112.02(J) by aiding, abetting, inciting, and/or coercing CSL's unlawful discrimination against Drapola

114. Based on the violations of R.C. 4112, Drapola is entitled to the relief demanded below

## DEMAND FOR RELIEF

WHEREFORE, Drapola requests from the Court the following:

(a) Issue an order requiring Defendants to restore Drapola to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Drapola for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Drapola claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper

Respectfully submitted,

/s/ Rocco Screnci
Brian D. Spitz (0068816)
Rocco Screnci (0100333)
SPITZ, THE EMPLOYEE'S LAW FIRM
25825 Science Park Dr., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax: (216) 291-5744
Email: Rocco.Screnci@spitzlawfirm.com

Attorneys for Plaintiff Kristin Drapola

11

## JURY DEMAND

Plaintiff Kristin Drapola demands a trial by jury by the maximum number of jurors permitted.

/s/ Rocco Screnci
Rocco Screnci (0100333)

 OHIO CIVIL RIGHTS COMMISSION

Governor Mike DeWine

Commissioners:  Lori Barreras, Chair | J. Rita McNeil Danish | William Patmon, III | Madhu Singh | Charlie Winburn
Executive Director Angela Phelps-White

March 10, 2022                                        ***Mailed on March 10, 2022

Kristin Drapola                                      Human Resources Manager
6864 Merwin Chase Road                               CSL Plasma Inc.
Brookfield, Ohio  44403                              2093 Elm Road
                                                     Warren, Ohio  44483

LETTER OF DETERMINATION
Kristin Drapola v. CSL Plasma Inc.
AKRA3(41496)10292021; 22A-2022-01315C

**FINDINGS OF FACT:**
Charging Party filed a charge of discrimination with the Ohio Civil Rights Commission alleging
Respondent engaged in an unlawful discriminatory practice. All jurisdictional requirements for filing a
charge have been met. Prior to the conclusion of the investigation, Charging Party requested to withdraw
the charge to request a Notice of Right to Sue from the Ohio Civil Rights Commission or Equal
Employment Opportunity Commission.

**DECISION:**
The Ohio Civil Rights Commission has entered into its record a finding of **WITHDRAWAL OF
CHARGE – REQUEST A NOTICE OF RIGHT TO SUE**. The matter is **CLOSED**.

Please refer to the enclosed **NOTICE OF RIGHT TO SUE** for additional information on Charging
Party's suit rights.

**NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW:**
A determination of the Commission that constitutes a Final Order is subject to judicial review, wherein
the court reviews the contents of this letter and determines if there are sufficient factual findings supporting
why the Commission did not issue a complaint. A petition for judicial review must be filed in the proper
common pleas court within **THIRTY (30)** days of the date the Commission mailed this Final Order. The
right to obtain judicial review and the mode and procedure thereof is set forth in Ohio Revised Code §
4112.06.

The judicial review process is not a means to reexamine the investigation or further pursue your allegations
through the Commission. You may consult with an attorney for information on available options.

A Probable Cause finding is not a Final Order and is not subject to judicial review by a court. All other
determinations of the Commission constitute a Final Order and are subject to judicial review by a court.

Kristin Drapola v. CSL Plasma Inc.
AKRA3(41496)10292021; 22A-2022-01315C
Page 2

FOR THE COMMISSION,

*Ronald Church*

Ronald Church
Interim Regional Director

cc: Representative for Charging Party:
Brianna Carden, Esq.
The Spitz Law Firm
11260 Chester Road, Suite 825
Cincinnati, Ohio  45246
Brianna.carden@spitzlawfirm.com

# OHIO CIVIL RIGHTS COMMISSION

**Board of Commissioners:**
Lori Barreras – Chair
William W. Patmon, III
Madhu Singh
Dr. Carolyn Peters
J. Rita McNeil Danish



Angela Phelps-White,
Executive Director

| | |
|---|---|
| **Charging A. Party,**<br>          **Kristin Drapola** | ) |
| | ) |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| **Respondent,** | ) |
|           **CSL Plasma Inc.** | ) |
| | ) |
| | ) |
| | ) |

Charge No. **AKRA3(41496)10292021;**
**22A-2022-01315C**

## NOTICE OF RIGHT TO SUE

Pursuant to Ohio Revised Code 4112.051, you may file a civil action against the Respondent(s) alleging a violation of Ohio Revised Code 4112. The lawsuit may be filed in any State of Ohio court that has jurisdiction over the matter. Ohio Revised Code 4112.052 and 4112.14 provides that such a civil action must be filed within two years after the date of the alleged discriminatory practice. The time period to file a civil action is tolled during the pendency of the Commission investigation. You are advised to consult with an attorney to determine with accuracy the date by which a civil action must be filed. NOTE: If you request reconsideration of the Commission's determination, this NOTICE OF RIGHT TO SUE will be vacated. **FOR FEDERAL COURT FILINGS:** Notices of Right to Sue under federal law will be issued by the EEOC.

FOR THE COMMISSION

*/s/ Ronald Church*
Ronald Church
Interim Akron Regional **Director**
161 S. High St. Suite 205
Akron, OH 44308
(330) 643-3108

Date mailed: March 10, 2022

DocuSign Envelope ID: 6C6F9AE2-8EF3-40F7-ADA2-4012B4F5E240

## OHIO CIVIL RIGHTS COMMISSION

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## REQUEST FOR WITHDRAWAL OF CHARGE OF DISCRIMINATION

You have requested withdrawal of your dual filed charge of discrimination from the Ohio Civil Rights Commission and the Equal Employment Opportunity Commission. In order to initiate such action, please furnish the information below. Since a request for withdrawal of a charge is subject to approval by both Commissions, your request will be considered and acted upon when received. Please note that both Commissions are still prepared to proceed with your case if you so desire.

| **AKRB3(41496)10292021** | 22A-2022-01315C |
|---|---|
| **OCRC CASE NUMBER** | EEOC CASE NUMBER |

| **Kristin Drapola** | CSL Plasma Inc. |
|---|---|
| **CHARGING PARTY** | RESPONDENT |

### CHARGING PARTY --- Complete Information Below

I am aware that the Ohio Civil Rights Commission and Equal Employment Opportunity Commission protect my right to file a charge and have been advised that it is unlawful for any person covered by ORC-4112 or the laws administered by EEOC to threaten, intimidate or harass me because I have filed a charge. I have not been coerced into requesting this withdrawal. I request the withdrawal of my charge because: I am requesting a Notice of a Right to Sue pursuant to Ohio Revised Code 4112.051.

| _DocuSigned by:_ | 2/28/2022 |
|---|---|
| **CHARGING PARTY** | DATE |

| | |
|---|---|
| **WITNESS** | DATE |

| | |
|---|---|
| **OHIO CIVIL RIGHTS COMMISSION** | DATE |

KAREN INFANTE ALLEN
TRUMBULL CO CLERK OF COURTS
2022 CV 00485 RJR
FILED: 04/19/2022 09:54 AM

## TRUMBULL COUNTY COURT OF COMMON PLEAS
### CIVIL DIVISION

Kristin Drapola
_____
Plaintiff

v.          Case Number  _____

CSL Plasma Inc., et. al.
_____
Defendant

### INSTRUCTIONS FOR SERVICE

**To Clerk:**  You are hereby requested to make service upon the following by:

- [ ] Fed Ex
- [X] Certified Mail
- [ ] Regular Mail
- [ ] Sheriff Service (Personal)
- [ ] Sheriff Service (Personal or Residential)
- [ ] Personal Service process server: _____

Parties to be Served:

Name:  CSL Plasma Inc.
Address:  2093 Elm Rd. NE
Address:
City: Warren          State:  OH    Zip:  44483

Name:  Kim (Last Name Unknown)
Address:  c/o CSL Plasma Inc.
Address: 2093 Elm Road NE
City: Warren          State:  OH    Zip: 44483

Name:   CSL PLASMA INC. c/o CT Corp. System
Address:  Stat Agent 4400 Easton Commons Way #125
Address:
City: Columbus          State:  OH    Zip:  43219

Name:
Address:
Address:
City:          State:          Zip:

s/ Rocco Screnci
_____
Attorney for Plaintiff

0100333
_____
Supreme Ct.#