PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KRISTEN DRAPOLA, | ) | |
| | ) | CASE NO. 22-CV-00876 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CSL PLASMA, INC., *et. al*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | |

The Court issued a Show Cause Order to all Defendants because subject matter jurisdiction in question. ECF No. 5. Defendant responded at ECF No. 7 and Plaintiff responded at ECF No. 13. Having reviewed the parties' submissions, the record, and the applicable law, the Court remands the case.

### I. Background

Initially, the Court was concerned it lacked subject matter jurisdiction because the amount in controversy was questionable. Instead of addressing the amount in controversy issue in the briefing, Plaintiff indicated that she intended on serving a previously named but unserved Defendant, which would destroy complete diversity in this case. ECF No. 13. Plaintiff then followed up at ECF No. 14 indicating that such service had been perfected.

### II. Standard of Review

A party may remove an action from state court if the federal court to which the action is removed would otherwise have had original jurisdiction. 28 U.S.C. § 1441(a). In a case alleging diversity jurisdiction, the Court has subject matter jurisdiction when the citizenship of the parties

(22-CV-00876)

are sufficiently diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "Under [§ 1332], there must be complete diversity such that no plaintiff is a citizen of the same state as any defendant." See *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010)(citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). When a party is joined after proper removal, the Court must remand if that party is not diverse, unless the moving party demonstrates that the joinder of that party was fraudulent. *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009).

### III. Analysis

Plaintiff is a citizen of Ohio and has now successfully served a Defendant that is a citizen of Ohio. ECF No 1 at PageID #: 2; ECF No. 14 at PageID #: 100. With a citizen of Ohio on both sides of the dispute, there is no longer complete diversity in this matter. Without complete diversity the Court does not have jurisdiction, pursuant to 28 U.S.C §1332. There is no evidence that any party was fraudulently joined, and the removing party has made no allegations of fraud.

### IV. Conclusion

Accordingly, this case is remanded to the Court of Common Pleas of Trumbull County, Ohio.

IT IS SO ORDERED.

| | |
|---|---|
| August 8, 2022 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |